Mario Pittoni, J.
Petitioner’s application pursuant to CPLR article 78 for a judgment granting him admission to any meeting of the supervisors held prior to any formal meeting of the Board of Supervisors and to attend any meetings where salary increases is denied and his petition is dismissed.
Petitioner claims his rights pursuant to sections 90 through 100 of article 7 of the Public Officers Law. However, petitioner answers himself when his brief quotes section 92 of the Public Officers Law. It states, "I. 'Meetings’ means the formal convening of a public body for the purpose of officially transacting public business * * * 2. 'Public body’ means any entity for which a quorum is required in order to transact public business * * * performing a governmental function” (emphasis added). Also, for a meeting to be covered by article 7, it must be one for which public notice shall be given at least 72 hours before (Public Officers Law, § 94).
Petitioner seeks to intrude into informal discussions that the supervisors may have as they sit and wait for the formal meeting and when they are not officially transacting business, or at best, as they informally exchange their views on matters later to be openly and formally discussed with a view to a final determination.
As can be seen from petitioner’s affidavit, he wants to attend any meetings or comings together of the supervisors *575 that are even less formal than executive sessions, which closed sessions, are permitted by section 95.
As the sponsor of this legislation stated, for this article 7 to apply it must be a "formal convening of a public body for the purpose of officially transacting public business” (emphasis added; NY Assembly J, May 21, 1976, pp 6260-6263).
One further point, the guidelines as to whether a meeting is a "formal convening” are the rules of the governing body itself, the board of supervisors (Matter of Anderson v Krupsak, 40 NY2d 397, 404-405). In its Resolution No. 2, 1938, and rules thereunder, regular meetings of the board of supervisors shall be held each Monday at 11:00 a.m. after one week prior public notice.
It is clear, therefore, that petitioner wants to intrude upon the private conversations in informal exchanges of views and not merely the right to attend meetings as defined under article 7 of the Public Officers Law, to wit, a public body formally convened for the purpose of officially transacting public business.
The petition is dismissed, with costs.