OPINION OF THE COURT
Raymond L. Wilkes, J.
This is a motion by the petitioner for an order pursuant to CPLR article 78 directing the respondent school board:
(1) to permit the petitioner and others similarly situated to attend all of its meetings including but not limited to "planning sessions” except those "executive sessions” properly convened pursuant to subdivision 1 of section 95 of the Public Officers Law;
(2) to give public notice of said meetings pursuant to section 94 of the Public Officers Law;
(3) to pay the petitioner costs, disbursements and reasonable *1106 attorneys’ fees pursuant to section 97 of the Public Officers Law.
The Legislature of the State of New York in the year 1976 enacted article 7 of the Public Officers Law effective January 1, 1977 entitled "Open Meetings Law” (L 1976, ch 511). This proceeding is predicated upon the language, intent and purpose of that legislation.
The Legislature included section 90 within its enactment as a preamble, namely, a "Legislative declaration”, to wit: "It is essential to the maintenance of a democratic society that the public business be performed in an open and public manner and that the citizens of this state be fully aware of and able to observe the performance of public officials and attend and listen to the deliberations and decisions that go into the making of public policy. The people must be able to remain informed if they are to retain control over those who are their public servants. It is the only climate under which the commonweal will prosper and enable the governmental process to operate for the benefit of those who created it.”
The court is now faced with enforcement of the "Open Meetings Law” and determination of its applicability to the respondent school board’s practices. Simply stated, the issue is "When is a meeting not a meeting?”
The respondent school board acknowledges that it is subject to the "Open Meetings Law” and maintains that it complies therewith in the scheduling and conduct of its regular and special meetings. The respondent further readily acknowledges that it conducts "planning sessions” which are not open to the public and of which the public is not given notice. The respondent asserts that these "planning sessions” are "informal gatherings” and hence not subject to the requirements of the "Open Meetings Law”. The court is constrained, however, upon the facts before it to accept the view proffered by the petitioner to the effect that these "planning sessions” as presently constituted and conducted are clearly within the language, tenor and spirit of the "Open Meetings Law” and should therefore be open to the public upon proper notice.
The court has extensively examined the law of this State as well as that of several of its sister States, and in light thereof makes the following determinations:
That the Plainedge Board of Education is a public body within the meaning, and subject to the provisions of the "Open Meetings Law”;
*1107 That all meetings of the Plainedge School Board convened to transact public business must be open to the public except for "executive sessions” for the purposes stated in section 95 of the Public Officers Law;
That a clerk not a member of the board prepared, maintained and presented the minutes of the "planning sessions” which were offered and accepted at the ensuing "regular meetings”;
That certain subjects raised at the "planning sessions” would, under the "Open Meetings Law”, be raised at regular public meetings whereas other subjects would fall within the general areas properly considered in "executive sessions”;
That oral reports were received during these "planning sessions” from employees of the school system as well as prospective contractors.
Therefore, the court concludes that the prior scheduling— the format and the substantive nature of these gatherings— commend themselves to a determination that they are "meetings”, and as such are subject to the provisions of the "Open Meetings Law” — for between the shadow and the substance lies the reality.
The respondent has referred the court to the decision of the Honorable Mario Pittoni, Justice of the Supreme Court of Nassau County, in Kessel v Board of Supervisors for County of Nassau (90 Misc 2d 574). However, the facts herein are readily distinguishable from those before Justice Pittoni, as is transparently clear, from the third paragraph of his decision wherein he says (p 574): "Petitioner seeks to intrude into informal discussions that the supervisors may have as they sit and wait for the formal meeting and when they are not officially transacting business, or at best, as they informally exchange their views on matters later to be openly and formally discussed with a view to a final determination.” "Informal gatherings” do not contain the trappings present at the "planning sessions” conducted by the respondent.
Under subdivision 1 of section 92 of the Public Officers Law "meeting” means the formal convening of a public body for the purpose of officially transacting public business. Webster’s Third New International Dictionary defines "transact” as "to prosecute negotiations; to carry on business”. The respondent in effect suggests that the only "public” function of a school board — a legislative body — is the actual process of "voting” *1108 and that the process leading thereto can be conducted in a "planning session”. In the considered view of this court, so narrow a construction appears to run squarely contrary to legislative intent as enunciated in section 90 of the Public Officers Law.
The judgment to be entered herein shall provide for the awarding of costs and counsel fees to the petitioner. The petitioner shall also provide the court with a bill of costs and affidavit of services together with its proposed judgment.